IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DONALD HOWARD, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO: H-10-2447 |
| | § | |
| RICK THALER, | § | |
| Director of the Texas Department | § | |
| of Criminal Justice - Correctional | § | |
| Institutions Division, | § | |
| Respondent. | § | |

## MEMORANDUM AND RECOMMENDATION

This petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 has been referred to this magistrate judge for report and recommendation (Dkt. 4). On August 4, 2010, the court ordered Howard to show cause why his petition should not be dismissed as time-barred (Dkt. 6). The court now recommends that Howard's petition be denied with prejudice as time-barred.

### Background

Howard challenges his 2006 conviction for burglary of a habitation in the 85th District Court for Brazos County, Texas. His conviction was affirmed on appeal, and his petition for discretionary review was dismissed as untimely on April 30, 2008. Howard sought rehearing, which was denied on June 16, 2008.

Howard alleges that he filed a state court petition for writ of habeas corpus on August 24, 2009, which was denied without written order on April 14, 2010. This federal petition

was opened on July 6, 2010 upon filing of Howard's motion for discovery (Dkt. 1), which the clerk construed as a petition for writ of habeas corpus.

**Analysis**

This case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  Under the AEDPA, a petition for habeas relief filed by a person in state custody is subject to a one-year period of limitations which runs from the latest of:

> (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

The Texas Court of Appeals affirmed Howard's conviction on December 5, 2007. Howard's AEDPA statute of limitations began to run when the period for filing a petition for discretionary review expired on January 4, 2008.  Absent tolling, his federal statute of

limitations expired on January 4, 2009.[1]  Because, according to his allegations, he filed his state court writ application on August 24, 2009, after the federal period had already expired, § 2244(d)(2) does not extend the one year period established by § 2244(d)(1)(A). *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000).

In his show cause response, Howard contends that his January 8, 2008 petition for discretionary review should not have been denied as untimely because mail was delayed due to the swine flu outbreak.  But he does not explain why he waited over a year from the denial of discretionary review to file his state writ petition, and then waited over 2 months after denial of the state writ to file a motion that the district court clerk liberally construed as his federal writ petition.  Even under the most generous calculation,[2] Howard's petition is untimely.

## Conclusion and Recommendation

The court recommends that Howard's petition be denied with prejudice as time-barred.

---

[1]    The court's show cause order (Dkt. 6) erroneously stated that his conviction was final in 2006 and his AEDPA statute of limitations expired in late 2007.

[2]    The Supreme Court has held that " where a state court grants a criminal defendant the right to file an out-of-time direct appeal during state collateral review, but before the defendant has first sought federal habeas relief, his judgment is not yet 'final' for purposes of § 2244(d)(1)(A). *Jimenez v. Quarterman*, 129 S. Ct. 681, 686 (2009).  Because Howard was not granted leave to file an out of time PDR, his conviction was final on January 4, 2008, 30 days after the appeals court's ruling.  However, even assuming Howard's federal statute of limitations did not begin to run until 90 days after the conclusion of his PDR proceedings on June 16, 2008, which was September 15, 2008, his federal limitations period expired September 15, 2009.  He filed his state writ on August 24, 2009, with 17 days left in the federal limitations period.  His state writ was denied on April 14, 2010, thus his federal statute of limitations expired 17 days later, on May 3, 2010. He placed his first filing in this court in the prison mail on June 23, 2010.

The court further finds that Howard has not made a substantial showing that he was denied a constitutional right or that it is debatable whether this court is correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Therefore, the court recommends that a certificate of appealability not issue.

The parties have 14 days from service of this Memorandum and Recommendation to file written objections. Failure to file timely objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *See* Rule 8(b) of the Rules Governing Section 2254 Cases; 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72.

Signed at Houston, Texas on November 9, 2010.

Stephen Wm Smith
United States Magistrate Judge